PEAY, Rec. R. E. Bank v. CAPPS et al.,

AND

DRENNEN et al. v. PEAY, Rec., on Cross Appeal.

TRUSTEES—*Purchase of trust property by, when set aside.*—A purchase made by a trustee, of trust property, may be set aside, by the beneficiary, on the ground that the same is a fraud either actual or constructive, but the trustee, as such purchaser, will not be allowed to raise the objection.

PURCHASERS—*Cannot retain possession and avoid payment.*—The vendee, in possession, under a contract of sale, cannot retain possession and avoid payment of the balance of the purchase money, on the ground that the vendor cannot make as good a title as agreed; before he can avail himself of such defense he must offer to rescind the contract.

APPEAL FROM PULASKI CHANCERY COURT.

HON. T. D. W. YONLEY. *Chancellor.*

*U. M. Rose,* for Appellant.

*Garland & Nash and Clark, Williams & Martin,* for Appellees.

WHYTOCK, *Special Supr. Judge.* — This is a complaint in equity, by Peay, as Receiver of the Real Estate Bank, against Capps' and Drennen's heirs and representatives and others, to quiet title and enforce a vendor's lien.

The Pulaski Chancery Court decreed that the title to the land in suit be vested in the defendants, the heirs at law and legal representatives of John Drennen, deceased, subject to the lien of the Bank; and that the heirs of Larkin Capps, deceased, and his widow, and the heirs at law, and administrator of the defendant, Joseph Green, be enjoined from setting up, or pretending to set up any title to the premises described in the complaint. The Chancery Court further decreed that the administrator of Drennen pay to the Receiver the sum of four thousand one hundred and sixty dollars, together with interest thereon, out of the assets of Drennen's estate, and, in default, that the equity of redemption of the defendants be forever foreclosed, and the land sold.

The Bank Receiver, and the administrator and heirs at law, both pray appeals from the decree.

The land in controversy, that is, the east half of section twenty-two, township sixteen south, range two west, is situated in Chicot County. It was a donation claim allowed to Larkin Capps, under an act of Congress passed the 24th day of May, 1828. The claim of Capps was, before obtaining his patent, transferred to Joseph Henderson for the sum of $1004, by deed bearing date the 15th day of January, 1828. This instrument contained a power of attorney, by which Larkin Capps irrevocably constituted Henderson his attorney, to locate and enter a quantity of land, not to exceed 320 acres, to which Capps was entitled by virtue of his being a resident and actual settler in that part of the territory of Arkansas which was ceded to the Cherokee Indians. It was further covenanted, that Henderson should have the right to "receive" the same. On the 16th day of March, 1833, Capps, by Henderson, his attorney, *in fact*, applied to the Register of the Land Office at Little Rock, for the entry of the tract mentioned. The application, and the affidavit in support, were filed in the office of the Register, and the patent for the tract was issued in Capps' name, in 1835. It is alleged and proved, that Henderson, acting under a power of attorney, afterwards sold and conveyed the tract to Thomas Tunstill; that Tunstill held and possessed the same for three years when, on May 18, 1837, he sold it to Benjamin Hughes. Hughes, afterwards, on the 30th day of May, 1837, mortgaged the tract, amongst other lands, to the Real Estate Bank, in consideration of certain stock of the Bank. In November, 1844, the lands of Hughes, including this tract, were sold under a decree of foreclosure, and bid in by Drennen, on behalf of the trustees of the Bank. On the 25th of April, 1846, Drennen entered into a "verbal arrangement" with the other trustees, for the purchase of Hughes' lands, embracing this piece. On the 5th of May, 1852, this verbal or oral arrangement was reduced to writing, and the Cashier and Secretary of the

11

Board of Trustees of the Bank were authorized to close the trade with Drennen.

The present suit was brought on the 10th day of May, 1860, and the relief sought is, that the title to said tract of 320 acres be divested out of the other parties setting up titles, and be declared to be vested in Drennen's heirs and representatives; that the title be cleared and quieted, and Drennen's representatives be required to receive the same as sufficient. That upon failure to pay the purchase money, with interest, the tract be decreed to be sold; that the contract be specifically executed, or that, upon refusal to accept title, the contract be cancelled. The complaint sets forth, and insists upon the effects of various statutes of limitation. The proofs show that Larkin Capps moved from Arkansas to Texas, in 1844, and died in the latter State, in 1846; that he continued to reside in Arkansas from the date of his deed to Henderson, that is, from the 10th of January, 1828, until his removal to Texas, a period of about sixteen years; that after the transfer to Henderson of his claim or right as mentioned, he never pretended to make or assert any claim to the land, and apparently gave it no further attention.

Capps' deed to Henderson contained, besides the covenants above stated, others to the effect, that he promised, when required thereto by Henderson, his heirs and assigns, or representatives, to make and deliver to him or to them such deed, with full warranty, as Capps should receive from the Government; and that Henderson should have and hold the land that Capps might receive from the United States under said claim. The answer of Charles G. Scott and wife, and Scott, as administrator of Drennen, admits that Drennen died in 1855; that his estate is solvent, and that the administrator refused to allow the claim against the estate. It denies the actual possession of the tract by Tunstill, Hughes, or their representatives, except of a narrow strip of about three acres; alleges that Capps has children who are minors; and sets up a deed made by Capps' heirs, which is averred to bear date in

1859, conveying the land to the defendant Green. Green's answer, in effect, sets up a similar state of facts, but further alleges that he had purchased the said tract, for a valuable consideration, of John Capps and the other Capps heirs, and that the defendant himself was a purchaser without notice of the Henderson and Tunstill title.

The Chancery Court held that the instrument of conveyance from Capps to Henderson of his claim to the land, vested in the latter an equitable title, as soon as Capps' donation claim was located; that the legal title of Capps, after such conveyance, was held by Capps in trust for Henderson or assigns, and that, upon the issuance of the patent to Capps, the latter was bound by his covenants to convey the legal title to Henderson; that the covenants, in Capps' conveyance to Henderson, estop the heirs of Capps and those claiming under them, without notice of the covenants, from setting up any title to the land. See *Cocke v. Brogan & Thorn*, 5. *Ark.* 694. *Kirby v. Vantrece et al.*, 26. *Ark.*

That Capps' deed being an ancient one, more than thirty years old, proved itself, and that it was a genuine deed, free from grounds of suspicion, and its custody not inconsistent with its genuineness; that after the lapse of so many years it would be presumed that Capps had conveyed in pursuance of his covenants, or empowered Henderson, as his attorney, to convey the same to Tunstill. Besides that, Tunstill's deposition shows that Henderson conveyed the land to him, acting under a proper power of attorney.

Tunstill testifies that the deed from Henderson to him was recorded in Chicot County, but, as he believes, the records had been destroyed. It appears that the land had been in possession of Tunstill and his grantees, and that they had exercised acts of ownership over it, and he and Hughes had thus held it for a period of thirteen years, at the time of Capps' death. Drennen and his representatives, since his purchase, have been in possession of the tract.

The defendant Green, in view of all these facts, cannot be

considered a purchaser without notice.    *Hamilton et al. v. Foulkes et al.*, 16. *Ark.* 340.    *Byers et al. v. English.    Ib.* 554.

The Chancery Court held that Capps, at the time of his death, had parted with the title to the land in controversy, and that consequently no title descended to his heirs.

The positions assumed by the defendant, Scott, are, that, at the time of the purchase, Drennen was a trustee and could not legally be a purchaser.    That Drennen could not have been compelled to pay the purchase money until the title was forfeited; that such was the covenant of the bond; and that the receiver should have sought relief in the Probate Court, where he had all the remedy needed.

The trustee will not be permitted to question the contract. *Richardson vs. Jones*, 3 *Gill & John.* (*Md.*) 163.    If there is a case of specification, it is not within the principle contended for as to the proper remedy.

It will be observed that the defendant, Scott, a representative of Drennen's estate, is in possession of the land, and at the same time refuses to pay the purchase money.    In other words, the estate retains possession and declines to pay. Nor does the answer seek or offer to rescind Drennen's contract.

The obligation, executed by Drennen, is to the effect that he promises to pay to the trustees of the Bank, the sum of four thousand one hundred and sixty dollars, with interest at the rate of eight per cent, by equal annual instalments, " whenever the title to said tract of land is perfected."    This instrument was executed by Drennen, on the 3d of May, 1852, and recites, furthermore, that he had on that day purchased of the Bank this tract and other lands which are described.

It furthermore appears in the case, that Drennen was aware, at the time he purchased of the other trustees the tract in question, of the condition of the title, and that whatever defect there was in it, was fully known to him.    He had, in 1850, purchased this tract amongst others, at a sale under a judgment rendered in 1849, in the Chicot Circuit Court, in favor

of the trustees and against the heirs and representatives of Hughes.

The land, except a small improvement made on a part of it, by Tunstill, is shown to have been in a wild and uncultivated state. It was held by the parties in possession, by open and notorious acts of ownership, for a period of thirteen years before the death of Larkin Capps. *Conway vs. Kinsworthy,* 21 *Ark.,* 9. The deed from Capps to Henderson was more than thirty years old at the commencement of this action, and we think was genuine. *Trammell et al. vs. Thurmond et al.,* 17 *Ark.* 203.

It seems to us that this case falls within the principle decided in *Hoppes vs. Cheek,* 21 *Ark.,* 588; *McIndoe vs. Morman* 26 *Wisconsin's* 538, and that Drennen's estate cannot resist the payment of the purchase money; the purchaser, by his representative, being in possession and continuing in possession without interruption. There is no question of fraud in the case. *Lewis and wife vs. Boskin's adm'r., etc., p.* 61, *ante.*

As the counsel for the Receiver does not insist upon the question of interest, his ground of appeal is disposed of, and the judgment as to the subject is not disturbed.

The decree of the Pulaski Chancery Court is affirmed.