MARY KIRKPATRICK, Adm'x, v. GEORGE MILLER et al.

1. COVENANTS OF WARRANTY — BREACH THEREOF. — The authorities are not agreed as to the extent of the general covenant of warranty, and what will constitute a breach thereof. It is generally conceded, that if the vendee is sued in ejectment, or a demand of the premises is made by the owner of the better title, he may surrender the land and resort to his covenant. Loomis v. Bedell, 11 N. H., 74.

2. SAME — SAME — EVICTION. — An eviction under legal process is not necessary to give the covenantee a remedy on the warranty. It is not necessary for him to defend against a title which he is satisfied must eventually

prevail. Hamilton v. Cutts, 4 Mass., 349. If his title was invalid he might abandon the possession.

3. SAME — CONSTRUCTIVE EVICTION — GENERAL RULE. — The great weight of American authority is, that if the covenantee has been obliged to purchase a paramount title, which was being asserted against him, and under which he must ultimately be evicted, this amounts to a constructive eviction, and he may sue upon the covenant. Estabrook v. Smith, 6 Gray, 572.

4. SAME — RULE IN THIS STATE. — In this state the covenant is given a more restricted operation and the cases confined within narrower limits the doctrine of technical eviction. The rule established by the cases is, that in order to recover upon the covenant, there must be an eviction or there must, at the time of the sale, have been an adverse possession under paramount title, holding the vendee out. Burrus v. Wilkinson, 31 Miss., 537; Witty v. Hightower, 12 S. & M., 481; Dennis v. Heath, 11 S. & M., 218.

5. SAME — RULE IN EQUITY. — Whilst a court of equity holds the vendee to entire good faith to his vendor, and will not permit him to buy in an outstanding title or incumbrance and set it up in opposition to his vendor, yet it will lend its aid to reimburse all reasonable advances expended to fortify the title. At the same time it will rebuke every attempt by the purchaser to invalidate the title. Champlin v. Dotson, 13 S. & M., 553.

6. SAME — RULE AT LAW — ASSUMPSIT. — Assumpsit being in its nature an equitable remedy, applicable to those circumstances where the defendant ought in equity and good conscience to pay money, but which is not recoverable in debt or covenant, will lie against the covenantor to recover the money paid by a vendee, to buy in an outstanding paramount title or lien. An *actual* eviction is not necessary before assumpsit will lie. A constructive or equitable eviction is sufficient.

ERROR to the Circuit Court of Lafayette County. Hon. OR-LANDO DAVIS, Judge.

Plaintiff's declaration in the court below alleged that defendants' intestate, in his life time, sold to plaintiff's testator a tract of land, executing a deed thereto, with covenants of warranty. That under said deed the testator took possession. That afterwards, the heirs of one Wylie brought an action of ejectment against the testator, claiming adversely to the deed, and that they recovered judgment, under which a writ of *habere facias* issued against the testator. That the testator then bought in the title of the Wylie

heirs.   The damages claimed was the amount expended and the interest thereon.

The defendants demurred to the declaration on the grounds: 1. That the declaration was not in covenant, but in debt.   2. That the declaration is for money paid, and no legal cause of action for money paid, is shown.   3. That no breach of the covenant set out in the declaration is shown.

The court below sustained the demurrer, and dismissed the declaration.

Plaintiffs sued out a writ of error to this court, and assign as error:

1. That the court below erred in sustaining the demurrer and dismissing the declaration.

*Lamar & Mayes*, for plaintiffs in error, contended:

1. That even in the action of covenant, which is purely a common law action, and controlled by the technicalities of the common law, judgment in ejectment and issuance of the writ of *habere facias* is equivalent to an eviction, and will support the action. Kellogg v. Platt, 33 N. J. (4 Vroom.), 328; King v. Kerr's Adm'rs, 5 Ohio, 155; 4 Mass., 348; Johnson v. Nyce's Ex'rs, 17 Ohio, 66; Tuite v. Miller, Western Law Journal, vol. 5, p. 413; Beebe v. Swartwout, 3 Gilm., 162, 184; Moore v. Vail, 17 Ills., 185; Brady v. Spurck, 27 Ills., 478.

2. That if the averments of the declaration are not sufficient to sustain an action of covenant, they are amply so to sustain the equitable action of assumpsit for money paid, and the demurrer should have been overruled.   Code of 1871, § 577.

3. That under our practice a recovery can be had for money paid in the action of assumpsit, without an eviction or its equivalent.   Hardeman et al. v. Cowan, 10 S. & M., 486; Champlin et al. v. Dotson, 13 S. & M., 553; Hill v. Samuel et al., 31 Miss., 307; Harper v. Reno et al. Freeman's Ch. R., 323; Cromwell v. Craft, 47 Miss., 44; Rundell v. Lakey et al., 40 N. Y. (1 Hand.), 513; Bridges v. Pierson, 1 Lansing, (N. Y.), 481; Hunt v. Amidon, 4 Hill (N. Y.), 345; Cowdrey v. Coit, 44 N. Y., 382.

*H. A. Barr*, for defendants in error, insisted:

1. That it had been well settled in this state that the covenant of general warranty is not broken without *an actual eviction.* The covenantee may voluntarily yield possession, but he cannot recover for a breach until he has either coercively or voluntarily yielded possession. As long as he remains in possession of the premises, there is no breach of the covenant. Burrus et al. v. Wilkinson, 31 Miss., 544; Witty v. Hightower, 12 S. & M., 481; Dennis v. Heath et al., 11 S. & M., 218; Hoy v. Taliaferro, 8 S. & M., 727.

2. That in this state we have no constructive eviction, which obtains in some of the states, but our courts adhere to the old doctrine that there must be an *actual eviction* to constitute the breach of the covenant of warranty.

3. That the law raises no assumption without a breach of the covenant. And even if the defendants had expressly promised, it is well settled in this state that administrators have no authority to create liabilities or impose burdens on the estates represented by them. Hagan v. Barksdale, 44 Miss., 191.

4. That no action, but the action of covenant could be maintained. 1 Chitty's Pl., 109, 113; Rawle on Covenants for Title pp. 634, 635.

SIMRALL, J., delivered the opinion of the court:

This suit arises out of this condition of facts: H. R. Miller sold and conveyed on the 18th of June, 1860, to Alexander Kirkpatrick, a section of land, and covenanted to warrant and defend the title to the said Kirkpatrick, his heirs, etc., against all persons whatsoever, under which deed the vendee took possession. Afterwards, the heirs of one John N. Wylie, claimed title to the premises, sued in ejectment and recovered judgment and took out the writ of *habere facias possessionem* against Kirkpatrick, who, to protect his possession, bought in the title of the heirs of Wylie for $698.60.

This action was brought by the administratrix with the will annexed of Alexander Kirkpatrick, deceased, against the administrators of H. R. Miller, deceased, to recover the sum expended by her testator to get in the title of Wylie's heirs under which he was about being evicted. A demurrer was sustained to the declaration, and the suit dismissed.

The question made in this court is, that the declaration contains a good cause of action, and the demurrer ought to have been overruled.

The action is not grounded upon the covenant, but the covenant is treated by the pleader, as matter of inducement; and the gravamen of the complaint is, that Kirkpatrick had paid money, which, under the circumstances, Miller ought to have paid; and which was therefore laid out for his use.

The authorities are not harmonious as to the extent and scope of the general covenant of warranty and what will constitute a breach of it. It seems to be generally conceded that if the vendee is sued in ejectment, or a demand of the premises is made by the holder of the better title, he may surrender the land and resort to to his covenant. Loomis v. Bedel, 11 N. H., 74; Hamilton v. Cutts, 4 Mass., 349. An eviction under legal process is not necessary to give the covenantee a remedy on the warranty. There is no necessity for him to involve himself in litigation, to defend against a title which he is satisfied must ultimately prevail. 4 Mass., 349, *supra.* If his title was invalid he might abandon the possession. He owed the covenantee no duty to remain in possession and bear the perplexities and expense of a useless defense, when his title must fail. Haffey's Heirs v. Birchetts, 11 Leigh, 88; Woodward v. Allen, 3 Dana, 164; Sterling v. Peet, 14 Conn., 254.

The great weight of Cis Atlantic authority is in favor of the position, that if the covenantee has been obliged to purchase a paramount title, which was being asserted against him, and under which he must ultimately have been evicted, this amounts to a

constructive eviction, and he may sue upon the covenant. Whitney v. Dinsmore, 6 Cush., (Mass.) 124; 3 Met. (Mass.), 81. Estabrook v. Smith, 6 Gray, 572; Kelly v. Low, 18 Maine, 244; Dupuy v. Roebuck, 7 Ala., 438; Sprague v. Baker, 17 Mass., 590.

The cases in our own books give the covenant a more restricted operation, and seem to confine within narrower limits the doctrine of technical eviction.

In Burrus v. Wilkinson, 31 Miss., it is laid down, that a covenant of general warranty has not been broken so long as the vendee has not been dispossessed, either by judicial process or by actual yielding possession to a paramount title. It is also held that such covenant is not broken by purchasing in an outstanding title, under which the vendee might have been evicted. In Witty v. Hightower, 12 S. & M., 481, the purchaser bought an outstanding paramount title, and claimed that thereby had occurred a breach of the covenant. But the court held that was not enough; there should be an eviction, or at the time of sale there was, in a stranger, a paramount title and adverse possession under it, holding out the purchaser, which would be equivalent to an eviction. In Dennis v. Heath, 11 S. & M., 218, it was said that a recovey in ejectment did not work a breach of the covenant because that did not destroy the seizin of the vendee. Entry under the judgment, either with or without legal process, causes the eviction. These cases establish the rule in this state, that in order to recover upon the covenant there must have been an eviction, or there must at the time of the sale have been an adverse possession under paramount title, holding the vendee out. If this action were technically founded upon the covenant of warranty, the plaintiff could not sustain it under these cases. It has long been a doctrine of courts of equity, that if a trustee, mortgagee, tenant for life, or a purchaser, buys in an outstanding title or incumbrance, he shall not use it for his own benefit and to the annoyance of him under whose title he entered, but shall be considered as holding such title or incumbrance in trust. Meadows

v. Hopkins, 4 Monroe, 297-8; 2 John. Ch. Rep., 33. After doing homage to his vendor's title by purchase and entry under it, the vendee will not be tolerated to repudiate his allegiance to it, and transfer it to another title acquired whilst thus in possession. If such after acquired title should be paramount, the vendee shall be esteemed as holding it in trust for his vendor, as having provided it to support and maintain his possession and his right under his original vendor. .

Whilst a court of equity holds the vendee to entire good faith to his vendor, and will not allow him to get in an outstanding title or incumbrance, and set it up in opposition to his vendor, yet it will lend its aid to reimburse all reasonable advances expended to fortify the title. At the same time it will rebuke every attempt by the purchaser to betray or invaildate the title. Holridge v. Gillespie, 2 John. Ch. Rep., 32, 33; Champlin v Dotson, 13 S. & M., 556.

. The vendee is not permitted to speculate or make personal gain; therefore, he is limited to a reimbursement of the actual amount he has expended to protect his title and possession. Hill v. Samuel, 31 Miss., 311. The principle which has been sanctioned, and frequently acted upon by courts of equity, may be thus expressed. If, in good faith, the purchaser has laid out his money to extinguish an incumbrance, or to procure a conveyance of paramount title, while he cannot assert such incumbrance or conveyance to defeat the title accepted from his vendor, yet, since the outlay was necessary for the support and protection of his right and possession, the vendor shall pay it back. The doctrine rests upon this footing: the vendor is under a covenant to warrant and defend the title to the vendee, his heirs and assigns. Such covenant includes the idea of quiet enjoyment. But the vendee, by timely interposition, has bought in a title or incumbrance which would have swept away his possession, and has thereby kept the covenant of the vendor unbroken. He has done what was necessary for his own safety, and what was incumbent primarily on the vendor. If

he had waited until a recovery had, then he could have pursued his covenant, and recovered the price paid for the land.

The proposition contained in the plaintiff's declaration is, that a court of law shall do what has long been a favorite relief in equity. Assumpsit is a special action on the case. If these could not be found in the *officiana brevium* of the court of chancery, the form of an original writ, adapted to the special circumstances, the practice was tolerated by framing a special writ, and hence the name of the action. Assumpsit has been justly called an equitable action, applicable to those circumstances where the defendant ought, in equity and good conscience, to pay money, but which is not recoverable in debt or covenant. If there be not an express promise, then, if the defendant is under a duty to pay, the law implies a promise.

The covenant of Miller in effect was, that Kirkpatrick should continue in the undisturbed enjoyment of the land, and that he would shield it from conflicting titles and claims. If necessary, that he would buy them in for his vendee. Kirkpatrick was about being turned out of possession by legal process. If he had waited for an eviction by the sheriff, he could immediately have recovered from Miller, on his covenant, the entire consideration money paid for the land. If that sum was larger than the price paid for the successful title, Miller was benefited to the extent of the difference. Upon what principle of equity should Kirkpatrick stand aside until actually evicted, so as to secure a remedy upon the covenant, when for a much less sum, and at less cost to his covenanter, he might protect the title?

There is great force in the reasoning of those courts, that regard the buying in of the better title after demand made, or suit brought as a constructive, or, as sometimes called, an equitable eviction, and a breach of the covenant. It is the equivalent of a surrender of possession, and then a purchase from the paramount owner. Why, if the conduct of the covenantee is free from collusion, and in good faith, require the mere ceremony of a

surrender before purchase, there would seem to be no substantial reason why that ceremony might not be named, and a purchase, whilst in possession, be accepted as the equivalent of an abandonment of the bad title, and a holding under the newly acquired good one, or as amounting in law to an eviction.

Those states that have adopted such a transaction, as a constructive, or, as sometimes called, an equitable eviction, and a breach of a covenant, have evidently borrowed the principle from courts of equity, and have, on account of its intrinsic justice and reasonableness, given to it the same remedial extent which it there had, viz. : a recovery, not of the original consideration, but of the actual sum paid for the better title.

Since our adjudications adhere more closely to the ancient doctrine, and do not consider a demand made, or the recovery in ejectment, and the purchase of the better title by the covenantee, as the equivalent of an eviction, and breach of the covenant, we ought, surely, to give that liberal extension to the action of assumpsit as to allow the covenantee to recover from the warrantor the money which he has paid for the paramount title, in analogy to the redress which the courts of law elsewhere afford upon the covenant to extinguish the adverse claim. Upon what seems to us sound reasons, the principle which supports this action was recognized in Hunt v. Amidon, 4 Hill, N. Y., 346-7-8. There, the land was bought in by the vendee under a mortgage made by his vendor; who successfully brought the action of assumpit for the sum bid. It was conceded by the court to be doubtful whether a suit could not be maintained upon the covenant; but the plaintiff had paid out money which relieved his title and assured his possession, which his covenantor was under a primary obligation to pay.

The principle finds an apt illustration in Exall v. Partridge, 8 T. R., 308. There, the plaintiff's carriage, being found on demised premises, was distrained for the rent; in order to release

34

his carriage, the plaintiff paid off the rent and brought assumpsit against the tenant.

No priority of contract existed between the plaintiff and the defendant. But the plaintiff was constrained by the seizure of his property, to pay a debt which the tenant was in equity and justice bound to pay, and it was not straining too much to hold that it was laid out and expended for the defendant's use.

These expositions of the principle resting, as the cases do, upon solid reasons, go to the extent of holding that if the vendee of property, exposed to imminent danger of its loss, by an outstanding, paramount lien or title, is constrained to lay out money to clear off the title and protect the enjoyment, he may advance the money in order to avoid an eviction ; and such payment is for the use and benefit of his warrantor. The covenantor has agreed that the vendee shall not suffer harm or injury from adversary claimants, and that he will indemnify him. He is under a primary obligation that the purchaser shall not lose the property to a claimant under a better right. If, therefore, such title is about to sweep away the property, the vendee who saves it has paid out money which his covenantor ought to have paid, and which, in equity and conscience, he ought to refund.

In such circumstances, a court of equity would relieve. No sound, substantial reason is perceived, why a court of law should not, in the like circumstances, extend to suitors the use of its speedier and cheaper equitable action of assumpsit.

If the covenantor Miller had notice of the action of ejectment, so that he might have taken part in the defense, then the recovery in that action would be conclusive, that the plaintiff's title was paramount. If he did not have notice, in addition to the proceedings and judgment in that suit, the plaintiff in this action must show by testimony *aliunde* that such title was paramount. Pickett's Adm. v. Ford, 4 How., 246.

We are of opinion that, under the circumstances disclosed in the declaration, the plaintiff is entitled to recover the sum paid to

Wylie's heirs, if that sum is less than the liability of the defendant's intestate on his covenant. Of course, in this action, a sum in excess of that could not be recovered.

Let the judgment of the circuit court be reversed, and judgment be rendered here overruling the demurrer, and the cause be remanded for further proceedings.