## Stephens *et al. versus* Black *et al.*

1. H. in February 1856, sold land by articles to J., who took possession, the purchase-money being unpaid; judgment was entered against H. in September 1856; in 1857 H. sold to R. The land was sold under the judgment to C. in 1860; he was put into possession; in 1862 R. conveyed to C. In 1863 C. sold by articles to K., who paid part of the purchase-money and went into possession under the articles; in 1865 K. sold to S. and gave him possession; S. became the owner of the title of J. from H. In ejectment by C. against S. to enforce the payment of the purchase-money under C.'s contract with K.: *Held*, that S. having obtained possession through that contract, could not set up a title in himself without restoring possession to C.

2. A vendee under articles may set up an outstanding title not in himself, but when he buys such title, he is trustee of his vendor, and is entitled only to what he paid to perfect the title.

November 16th 1874.    Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Greene county :* Of October and November Term 1874, No 59.

This was an action of ejectment brought September 6th 1870 by Charles A. Black and Norman Worley against Washington Stephens and Jehu Martin, tenant of Stephens, to enforce the payment of the balance of the purchase-money for a tract of land sold under articles of agreement, dated February 17th 1863, between the plaintiffs and David Keys. The title to the land had been originally in John Rogers.

The case was tried February 13th 1874, before Wilson, P. J.

The plaintiff gave in evidence deed dated May 3d 1855, from John Rogers to Hiram J. Rogers ; recorded December 3d 1857. Judgment E. Chalfant against Hiram J. Rogers for $400, entered September 22d 1856 ; deed Hiram J. Rogers to Joseph Rogers, dated July 27th 1857. Sale under a vend. ex. on the judgment

[Stephens v. Black.]

against Hiram J. Rogers to C. A. Black (plaintiff) and David A. Worley and sheriff's deed acknowledged June 3d 1860 ; deed April 28th 1862, Joseph Rogers to C. A. Black and David A. Worley ; deed May 28th 1862, David A. Worley for his interest to Norman Worley (plaintiff) ; articles of agreement, February 7th 1863, between plaintiffs and David Keys, for the same tract of land for the consideration of $800, possession to be given on the 1st day of April then next, when $400 were to be paid and $100 annually thereafter with interest until the whole should be paid. Endorsed on the article was a receipt by plaintiffs dated March 27th 1863 for $355 from Mrs. Martha Keys.

The plaintiffs then offered in evidence the article of agreement, hereafter stated, between Martha Keys and Washington Stephens, to be followed by proof that the plaintiffs were in exclusive possession of the land when they sold to Keys ; that he took possession under the contract, held it till his death ; that his widow, Martha Keys, remained in possession till she sold to Washington Stephens, who got possession from her under his purchase ; to be followed by proof that she paid what money was paid on the article between the plaintiffs and Keys.

Defendant objected that the evidence was irrelevant, having no tendency to show any better title in the plaintiffs than they have already shown, nor to strengthen their right to recover purchase-money, if any such they have.

The evidence was admitted and a bill of exceptions sealed.

The plaintiffs then gave in evidence the article of agreement dated October 3d 1865, between "Martha Keys, wife and widow of David Keys," and Washington Stephens, for the sale of the same tract, for $300, to be paid on the 1st of November 1865 ; Stephens agreeing not to pay to plaintiffs "any money on contract between David Keys and said Black and Worley in any cases whatever." There were $30 paid on this article, October 23d 1867.

N. Worley testified that the plaintiffs were in possession by their tenants, at the date of their article with Keys, who took possession under the article : his wife remained in possession after his death and delivered possession to Stephens under their article ; the credit of $355 on plaintiff's article was Mrs. Keys' money ; when it was paid, Keys directed the deed to be made to his wife ; plaintiffs obtained possession after the sheriff's sale by a proceeding under the Landlord and Tenant Act.

There was other evidence that the $355 were Mrs. Keys' money, and that at the time it was paid Keys directed the deed to be made to his wife.

The plaintiff Black also testified, that the plaintiffs had no knowledge of a sale of the land by H. J. Rogers to John Rogers, by article of agreement at the time of the sheriff's sale.

[Stephens *v*. Black.]

The plaintiffs having rested, the defendants offered in evidence article of agreement dated February 28th 1856 between Hiram J. Rogers and Washington Stephens, as agent of John Rogers, for the sale of the same land to John Rogers, to be followed by evidence that John Rogers ratified the agreement by taking possession of the land, and otherwise; the death of John Rogers intestate, the sale of the land by his administrators to B. Stephens and by him to the defendant Washington Stephens for $200, the payment of this purchase-money, and that the plaintiffs and those under whom they claim had notice of the sale of H. J. Rogers to John Rogers; "this for the purpose of showing that the plaintiffs are not entitled to recover on the agreement between the plaintiffs and Keys, but only, if at all, on the agreement between Hiram J. Rogers and John Rogers."

Plaintiffs objected on the ground that the defendants in the above offer claimed the possession of the land under title hostile to that of plaintiff, and not under the sale to Keys, and as it has been proved that the defendants took possession under Martha Keys, plaintiff's vendee, and the offer did not deny that allegation, the evidence is incompetent.

The defendants renewed the offer, for the further purpose of showing such a default in the vendor's title as entitled them to an abatement in the purchase-money, on the agreement between Black and Worley and David Keys, to the extent of the unpaid purchase-money upon the agreement between said Hiram J. Rogers and John Rogers.

Plaintiffs objected to the offer, so far as it would entitle the defendants to an abatement or credit on the purchase-money claimed in this suit on the article between H. J. Rogers and John Rogers.

Both offers were rejected and several bills of exceptions were sealed.

The defendants' grounds of defence were: that plaintiffs could not recover on their agreement with David Keys; or if they could, the recovery would be subject to the unpaid purchase-money on the agreement between H. J. Rogers and John Rogers.

The verdict was for the plaintiffs "for the premises described in the writ, to be released on the payment by defendants of the sum of $738.25, as follows, viz.: one-half on the 1st day of April 1874, and one-half on the 1st day of October 1874, with interest from this date."

The defendants took a writ of error; their assignments of error were:—

1. Admitting the plaintiffs' evidence, which was objected to.

2–3. Rejecting the defendants' offers of evidence.

*A. A. Purman*, for plaintiffs in error.—Under the agreement between plaintiffs and Keys, he had a right to demand a title free

[Stephens v. Black.]

from encumbrances and defects : Erwin v. Myers, 10 Wright 105; and having removed them he had the right to abate the purchase-money to plaintiffs to the extent of the encumbrances : Dalzell v. Crawford, 1 Pars. Rep. 45; Rawle on Covenants for Title 562, notes 3, 4, 612, notes 1, 2, 3; Sugden on Vendors 337, note b; 2 Story's Eq. Jur., §§ 749, 777 (note 3), 778; Brightly's Eq., § 217, note 1; Stoddardt v. Smith, 5 Binn. 355; Gans v. Renshaw, 2 Barr 34. He was entitled to a title indubitable and not exposed to litigation : Swayne v. Lyon, 17 P. F. Smith 436; Freetly v. Barnhart, 1 Id. 279.

A purchaser may detain purchase-money to remove defects and discharge encumbrances : Barnett v. Wheeler, 7 M. & W. 364; 2 Sugden on Vendors 24. A vendee in possession under articles may require his vendor to remove encumbrances and defects when he is seeking to enforce the contract: Fulweiler v. Baugher, 15 S. & R. 54; Poke v. Kelly, 13 Id. 165; Lighty v. Shorb, 3 Penna. R. 447; Seitzinger v. Weaver, 1 Rawle 377.

*Wyly & Buchanan,* for defendants in error.—The defendants were in possession of plaintiffs' land; plaintiffs could not recover unless upon showing some privity between defendants and themselves : Jackson v. McGinness, 2 Harris 331. In an action by vendor against vendee, the vendee in possession under the article cannot repudiate it and show a hostile title in himself derived from a third person : Congregation v. Miles, 4 Watts 146; Hersey v. Turbert, 3 Casey 418; Smith v. Webster, 2 Watts 478; Jackson v. McGinness, 2 Harris 331.

Mr. Justice GORDON delivered the opinion of the court, January 4th 1875.

This was an action of ejectment, brought to enforce the payment of purchase-money, alleged to be due upon articles of agreement between Black and Worley, the plaintiffs, and David Keys (under whom the defendants obtained possession), dated February 17th 1863. The plaintiffs exhibited the following brief of title, viz.: Deed from John Rogers to Hiram Rogers, May 3d 1855. Judgment, Elijah Chalfant v. Hiram Rogers, September 22d 1856; fi. fa. and vend. ex., in regular order, and a sale of the property to Black and Worley, to whom the sheriff executed a deed dated June 3d 1860; also, a deed from Hiram Rogers to Joseph Rogers, bearing date July 27th 1857. Deed, Joseph Rogers to Black and Worley, April 28th 1862. Articles of agreement, Black and Worley and David Keys, in which the plaintiffs agree to convey the land in controversy to Keys upon the payment of eight hundred dollars. Upon these articles, Martha Keys, wife of David, to whom, by a parol agreement, the deed was to be made upon payment of the purchase-money, paid $355. David Keys, deceased,

[Stephens *v.* Black.]

and his wife retained the possession of the land until she transferred it, by agreement ·dated October 23d 1865, to Washington Stephens, the defendant.

Stephens produces, by way of defence, articles of agreement between Hiram Rogers and John Rogers, dated October 11th 1855, wherein Hiram agrees to sell the land to John for the sum of $110.

These articles were conveyed through Barzilla Stephens to the defendant. It will be observed that, primâ facie, this exhibits a defect in the plaintiff's title. For, as this equitable title was outstanding in John Rogers, at the time of the entry of Chalfant's judgment upon which Hiram's interest in the land was sold, it is clear the sheriff's vendees took only what Hiram held; that is, the legal title encumbered by the outstanding equity. Now the defendant, Stephens, having thus purchased this encumbrance on his vendor's title, might have used it for the purpose of offsetting the amount he paid therefor against the purchase-money due them, just as he might have done had he paid a judgment or mortgage-lien upon the land; but he could use it for no other purpose. Instead of this, however, he sets up this equity, first, for the purpose of showing ·that the plaintiffs were not entitled to recover on the Keys articles at all; secondly, for the purpose of offsetting the amount of the purchase-money mentioned in the articles between Hiram and John Rogers ($110) against the amount due the plaintiffs on the Keys articles. Both these propositions were properly rejected. Having obtained the possession of the land from the plaintiffs by the acknowledgment of their right through the Keys agreement, he cannot defeat this right by setting up an· adverse title in himself. Before he can be permitted to use such title against his vendors, he must turn out and restore to them their possession : 3 Casey 424. A vendee under articles of agreement may set up an outstanding title not in himself ; for he is not compelled to accept from his vendor an imperfect title, neither can he be compelled to relinquish his possession until his vendor has made him whole as to purchase-money which he has paid, and improvements which he has put upon the property : Erwin *v.* Myers, 10 Wright 96 ; Gans *v.* Renshaw, 2 Barr 35. Such, however, is not the case where he cures the defect by buying in the outstanding title. In that case he becomes the trustee of his vendor, and after having received what he paid out to perfect the title, in which both are equally interested, he is entitled to nothing more.

The second proposition contains the solecism of the defendant's undertaking to set-off that which, under any circumstances, belonged to the plaintiff. Leaving the Keys contract out of the question,· we have the plaintiffs, by virtue of the sheriff's sale, representing Hiram Rogers in the articles with John. So the defendant represents John by virtue of the transfer of John's interest in those articles to him, and as by that agreement John was to pay

[Stephens *v.* Black.]

Hiram the sum of $110, we cannot comprehend upon what theory the defendant seeks to shift these positions and to claim this money for himself.

As we have before observed, what the defendant was entitled to was the amount he paid to raise the outstanding encumbrance on the plaintiff's title. It might have been less or more than the amount of purchase-money named in the Rogers articles, but whatever it was he might have used it as a set-off to the plaintiff's claim. As, however, he did not ask for this, and as there was no error in the court's refusal of that for which he did ask, therefore, the judgment is affirmed.

Mr. Justice MERCUR dissented.