### M. C. CUMMINGS *v.* M. HARRISON.

1. COVENANT OF WARRANTY. *Ejectment. Notice to defend.*
   A warrantor who has verbal notice of an ejectment suit against his warrantee and opportunity to defend, although no such demand is made on him, is concluded by the result, and cannot show title when sued on his warranty.

2. SAME. *Assumpsit. Purchasing paramount title.*
   Assumpsit will lie, under the rule laid down in *Kirkpatrick* v. *Miller*, 50 Miss. 521, as well by a remote as by the immediate vendee of a warrantor to recover money paid in purchasing a paramount title.

APPEAL from the Circuit Court of Itawamba County.

Hon. J. A. GREEN, Judge.

The appellee, who is the vendee of the appellant's vendee (each deed containing a general covenant to warrant the title to heirs and assigns), sued the appellant in assumpsit for money paid to buy a paramount title, under which a judgment had been recovered in ejectment for possession of the land. When sued, the appellee verbally notified the appellant, who was present at the ejectment trial and advised as to the defence, and yet sought to defeat this action on the ground that the suit might have been successfuly resisted.

*J. L. Finley* and *Newnan Cayce*, for the appellant.

1. The only reason why assumpsit will lie by the covenantee against his covenantor is that a parol contract existed between them prior to the deed. *Doe* v. *Bernard*, 7 S. & M. 319; 1 Greenl. Evid. § 283. But with a remote vendor, no contract ever exists except the covenant in the deed. Assumpsit is an undertaking, express or implied, to perform a parol agreement. 1 Bouvier Law Dic. 159. The appellant could not complain of covenant, for he has covenanted, but he has made no parol agreement. ˙ Assumpsit should be confined to the immediate parties to the covenant.

2. Mere knowledge of the ejectment suit and presence at the trial is not sufficient; the appellant should have been made a party on formal notice. He could not defend without the appellee's consent. *Linderman* v. *Berg*, 12 Penn. St. 301. The ancient practice of vouching to warranty has been substituted by notice, which should be written and accompanied by a requirement of the covenantor to defend the suit. Rawle on Covenants, 218, 221, 232. The dictum in *Pickett* v. *Ford*, 4 How. 246, is in conflict with the decisions in other States where the point has been directly presented. *Somers* v. *Schmidt*, 24 Wis. 417 ; *Miner* v. *Clark*, 15 Wend. 425.

*W. L. Clayton*, for the appellee.

1. If the appellee had sued in covenant, the authorities are ample that the action could be maintained against the remote vendor. 1 Chitty Pl. 17, note 1 ; *Wyman* v. *Ballard*, 12 Mass. 303 ; *Clark* v. *Swift*, 3 Met. 390. The remedy by assumpsit is at least as broad as the other. Under our statute choses in action are assignable. No reason can be given why this suit will not lie to recover the money which was paid for the appellant's use. *Kirkpatrick* v. *Miller*, 50 Miss. 521.

2. If the appellee notified the appellant of the ejectment suit, or if the latter appeared in court and assisted in the defence by his presence and advice, he is bound by the judgment in that case. *Pickett* v. *Ford*, 4 How. 246. The case is approved in *Kirkpatrick* v. *Miller*, *ubi supra*, and the same principle is decided in *Barney* v. *Dewey*, 13 Johns. 224.

*J. A. Brown*, on the same side.

If one who is under obligation pays what another could have been legally compelled to pay, he may recover from the

other the money expended for his use. 2 Greenl. Evid. §§ 114, 115 and notes. That is the practice, and the case resembles that of several principals and one surety where each of the former are severally liable for the whole sum. *Duncan* v. *Keiffer*, 3 Binney, 126. The expense of a reasonable and prudent compromise for another's benefit is always recoverable. 1 Smith's Lead. Cas. 70 ; *Hulett* v. *Soullard*, 26 Vt. 295.

CAMPBELL, J., delivered the opinion of the court.

In order to bind the warrantor by the result of an action of ejectment against the party holding under him, and to conclude him from showing title when he is sued on his warranty, it is not necessary for the notice to him by the defendant in the action of ejectment to be in writing or in any particular form, or that a demand should be made of him to defend the action. If the warrantor has reasonable notice of the action against his warrantee, and an opportunity to defend it, he will be bound by the result, and when sued on his warranty, cannot be heard to show that the action of ejectment might have been successfully defended. He should have interposed such defence then, or ever afterwards be silent. The notice in this case was sufficient.

The rule announced in the case of *Kirkpatrick* v. *Miller*, 50 Miss. 521, applies in favor of a remote vendee as well as the immediate vendee of a warrantor. There is no error in the record.                                              *Judgment affirmed.*