PETROSKI v. MINZGOHR.

1. VENDOR AND PURCHASER—HOSTILE CLAIM OF PURCHASER.

One who enters upon land under a bill of sale of all the timber
he can cut and remove before a certain date, stands as a pur-
chaser under contract, and will not be allowed to dispute his
vendor's title.

2. SAME — ACQUIRING  HOSTILE  TITLE — EQUITY — COMPELLING
TRANSFER.

Where a person in possession of land, under a bill of sale of
the timber standing thereon, acquires a title hostile to that
of his vendor, he holds it in trust for his vendor, and equity
will compel him to transfer it to the vendor.

3. SAME—ADVANCES TO FORTIFY TITLE—REIMBURSEMENT.

Where a purchaser in possession acquires an outstanding title
hostile to that of his vendor, equity will lend its aid to reim-
burse all reasonable advances expended for that purpose,
while at the same time it will rebuke every effort of the pur-
chaser to betray his vendor's title.

Appeal from Baraga; Streeter, J. Submitted April 5,
1906. (Docket No. 13.) Decided June 4, 1906.

Bill by Matilda Petroski against Matt Minzgohr and
the C. H. Worcester Company for an accounting. From
a decree for complainant, defendant Minzgohr appeals.
Affirmed.

In December, 1891, one Edward Phelps purchased from
the United States the W. ½ of the W. ½ of section 15, town
51 N., range 34 W. He received a patent, but never
recorded it. He immediately cut off and sold the valu-
able pine timber, abandoned the land, left the State, and
went to Minnesota. He paid no taxes. A purchaser of
the land at a tax sale wrote to Mr. Phelps, who replied
that he did not want the land. Complainant purchased
this tax title, and also another tax title, and paid the sub-
sequent taxes. She, through her husband, entered upon
the land, upon which there was a small house, and cut
ties and timber therefrom. On April 14, 1902, she exe-

cuted to the defendant under her hand and seal a bill of
sale of all the tamarack and cedar timber he might remove
from said land before the 1st day of July following at $1.50
per 1,000 feet.  He entered upon the land and commenced
cutting the timber.  He knew that complainant had, and
relied upon, a tax title.  He ascertained the residence of
Mr. Phelps in Minnesota, went to see him, and procured
from him a deed for the sum of $50.  He also obtained
from him an assignment of all rights to recover for tim-
ber which had previously been cut by her from the land.
He testified that he got the title for the purpose of protect-
ing himself in cutting the timber under his contract with
complainant.  He subsequently obtained the advice of his
attorney, repudiated his contract with complainant, noti-
fied other parties not to pay her for timber bought from
her, and claimed title to the land.  The bill of complaint
is based upon the theory that the defendant is a trustee
of complainant, and prays for an accounting of the tim-
ber cut by him, and that he be decreed to transfer all his
rights in said land and timber to her.  The case was heard
upon pleading and proofs, and decree entered for the com-
plainant, upon payment by her to him of $118.50, the
amount of his expenses in procuring the deed from
Phelps.

*C. F. Button*, for complainant.

*Joseph F. Hambitzer*, for appellant.

GRANT, J. (*after stating the facts*).  Complainant
was in the possession of the land at the time she made the
contract with defendant.  He went into possession under
her.  He remained in possession under her until he had
secretly acquired the original title.  The bill of sale by
complainant to him contained a covenant of warranty
and an agreement to defend the sale made thereby.  He
had an irrevocable license for the term specified in the con-
tract.  She could not eject him in a suit at law, or re-
strain him from cutting and removing the timber by a

suit in equity. He had purchased standing timber and possession of the land. They stood in the position of vendor and vendee of land. He had recognized her title and was not in a position to disavow it or to obtain for his own benefit a title hostile to it. By his conduct he held the land in trust for her, and equity will compel him to transfer it to her. *Galloway* v. *Finley*, 12 Pet. (U. S.) 264; *Kirkpatrick* v. *Miller*, 50 Miss. 521; *Stephens* v. *Black*, 77 Pa. 138; *Peay* v. *Capps*, 27 Ark. 160; *Cromwell* v. *Craft*, 47 Miss. 44; *Mitchell* v. *Chisholm*, 57 Minn. 148. See, also, *Thredgill* v. *Pintard*, 12 How. (U. S.) 24.

"The vendor and vendee [of land] stand in the relation of landlord and tenant; the vendee cannot disavow the vendor's title." *Galloway* v. *Finley*, 12 Pet. (U. S.) 295.

"After doing homage to his vendor's title by purchase and entry under it, the vendee will not be tolerated to repudiate his allegiance to it, and transfer it to another title acquired whilst thus in possession. If such after-acquired title should be paramount, the vendee shall be esteemed as holding it in trust for his vendor, as having provided it to support and maintain his possession, and his right under his original vendor.

"Whilst a court of equity holds the vendee to entire good faith to his vendor, and will not allow him to get in an outstanding title or incumbrance and set it up in opposition to his vendor, yet it will lend its aid to reimburse all reasonable advances expended to fortify the title. At the same time it will rebuke every attempt by the purchaser to betray or invalidate the title." *Kirkpatrick* v. *Miller*, 50 Miss. 527.

"A vendee under articles may set up an outstanding title not in himself, but when he buys such title, he is trustee of his vendor, and is entitled only to what he paid to perfect the title." *Stephens* v. *Black*, 77 Pa. 138.

"A vendee in possession under a contract of sale cannot retain possession and avoid payment of the balance of the purchase money on the ground that the vendor cannot make as good a title as agreed. Before he can avail himself of such defense he must offer to rescind the contract." *Peay* v. *Capps*, 27 Ark. 160.

"A vendee, continuing to hold the possession of land

to which his vendor admitted him, cannot acquire an adverse title and set it up against his vendor." *Cromwell* v. *Craft*, 47 Miss. 44.

"While a vendee remains in possession he is estopped from denying the plaintiff's title, whether it is good or bad." *Mitchell* v. *Chisholm*, 57 Minn. 148.

Decree is affirmed, with costs.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.