CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## MARCH TERM, 1911.

---

W. K. M. DUKATE ET AL. *v.* WIRT ADAMS, STATE REVENUE AGENT.

[58 South. 475.]

1. APPEAL AND ERROR. *Review. Constitutional questions. Matters not necessary to decision. Constitution 1890, Sec. 147. Code 1906, Sec. 5004. Laws 1908, Ch. 204. Interlocutory order. Civil Cause.*

Under Constitution 1890, Sec. 147, providing that no judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annuled on the ground of want of jurisdiction to render said judgment or decree, etc., but that' if the supreme court shall find error in the proceedings other than as to jurisdiction and it shall be necessary to remand the case, the supreme court may remand it to that court which in its opinion can best determine the controversy; the question of the constitutionality of the laws of 1908, chapter 204, conferring jurisdiction upon chancery courts of suits for penalties for violation of anti-trust laws, will not be determined unless the supreme court should reverse the decree of the court below for some reason other than that the cause was not of equity jurisdiction.

101 Miss.—28        (433)

2. SAME.

Sec. 147 of the Constitution of 1890, applies to appeals to settle the principles of the case as well as to appeals from final decrees.

3. APPEAL AND ERROR.  *Jurisdiction.  "Civil cause."  Code 1906, Secs.* 5004-1589.  *Constitution 1890, Sec. 147.*

Notwithstanding the fact that Sec. 5004, Code 1906, imposing a penalty for violation of the anti-trust laws, refers to the violation of such laws as an "offense" and requires the circuit judges to call the attention of the grand jury to this provision, and section 1589 provides that "offense" when used in the statutes shall mean any violation of law liable to punishment by criminal prosecution; still as the penalty is to be recovered in an action in the name of the state on the relation of the attorney-general or district attorney, such action is a "civil" rather than a "criminal" action within Sec. 147 of the Constitution of 1890, providing that no judgment shall be reversed for error in bringing the same in equity or law, and an action for the penalty will not be reversed because brought in the chancery court.

4. EQUITY.  *Action for penalty.  Pleading.  Multifariousness.*

A bill is not multifarious when the only relief sought by it is the infliction of a penalty prescribed by Sec. 5004, Code of 1906, and which alleges that the trust and combine charged to have been entered into by defendant was unlawful, as such allegation was the foundation of the right to recover the penalty.

5. PENALTIES.  *Forfeitures.  Actions to enforce.  By whom brought.* *Code 1906, Sec. 4738.*

Although in Sec. 4738, Code 1906, providing that it shall be the duty of the revenue agent to sue all corporations "for all penalties or forfeitures for all past due obligations and indebtedness of any character whatever owing to the state or any county etc.," there is no comma between the words "forfeitures" and "for all past due" the statute will not be held to limit the right of the revenue agent to suits for penalties or forfeitures to those growing out of past due obligations of the state, but will be held to permit him to sue for any penalties or forfeitures.

6. STATUTES.  *Construction and operation.  Mistake in punctuation.*

While punctuation is a valuable aid in the construction and interpretation of a statute, it cannot control the plain meaning thereof, and the courts will disregard the same and repunctuate the statute if necessary, to give effect to what appears to be the plain meaning thereof.

7. ANTI-TRUST LAWS. *Penalties. Actions to enforce. By whom brought.*
    *Code* 1906, *Secs.* 4738-5004.

    Sec. 4738 and 5004, Code 1906, are parts of the same Code, were
    adopted at the same time, and must be construed together, and
    so construed, the authority granted to the attorney-general and
    district attorney by Sec. 5004 is not exclusive.

APPEAL from the chancery court of Harrison county.
HON. T. A. WOODS, Chancellor.

Suit by Wirt Adams, state revenue 'agent against
W. K. M. Dukate and others. From a judgment over-
ruling a demurrer to the bill, defendants appeal.

The facts are fully stated in the opinion of the court.

*Jeff Truly, Ford, White & Ford* and *Edwin Thurrack,*
for appellant, filed an elaborate brief fully covering all
the points in the case but too long for publication.

*E. J. Gex* and *Flowers, Alexander* and *Whitfield,* for
appellee, filed an extended brief, too long for publica-
tion.

Argued orally by *E. T. Merrick* and *Jeff Truly,* for
appellant.

Argued orally by *J. N. Flowers,* for appellee.

SMITH, J., delivered the opinion of the court.

Appellee filed his bill in the court below, alleging that
appellants, under the guise of a limited partnership, had
entered into a trust and combine for the purpose of con-
trolling the trade in sea foods in Mississippi, and pray-
ing that this partnership be declared to be an unlawful
trust and combine, and that appellants be decreed to
pay to the state the statutory penalty for having entered
into such trust and combine. To this bill a demurrer
was interposed and overruled, and this appeal granted
to settle the principles of law governing the case.

The points relied upon by appellants to obtain a re-
versal of the decree rendered in the court below may be

reduced to three: First, that chapter 204 of the Laws of 1908 is unconstitutional, in so far as it attempts to confer jurisdiction upon the chancery court to hear and determine suits arising out of violations of the anti-trust law, for the reason that this anti-trust law makes the formation of a trust or combine a crime, and that under the Constitution the criminal laws cannot be enforced by the chancery court; second, that the bill is multifarious, for the reason that it unites two distinct and unconnected matters—that is, it seeks to have this limited partnership declared unlawful, and also to have penalties awarded for the violation of the anti-trust statute; third, that the revenue agent is without power to institute this suit.

Under section 147 of the Constitution, the question of the constitutionality of chapter 204 of the Laws of 1908 does not arise, unless we should reverse the decree of the court below for some reason other than that the cause was not of equity jurisdiction. It is true that this is an appeal to settle the principles of the case; but this section of the Constitution, nevertheless, applies, for it is not limited to appeals from final decrees. *Cazeneuve* v. *Curell,* 70 Miss. 525, 13 South. 32.

But it is said that this is a criminal and not a civil case, that, consequently, section 147 of the Constitution does not apply, and that the case of *Grenada Lumber Co.* v. *State,* 98 Miss. 536, 54 South. 8, which held to the contrary, was erroneously decided. Out of deference to counsel, we have re-examined this matter, in view of all of the arguments advanced by them, and see no reason to recede from the views expressed in the Grenada Lumber Co. case. In reaching this conclusion, we have not left out of view the fact that in section 5004 of the Code the violation of the anti-trust law is referred to as an "offense," that section 1589 of the Code provides that "the term 'offense,' when used in any statute, shall mean any violation of law liable to punishment by crim-

inal prosecution," and that by the last sentence of section 5004 it is made "the duty of the several circuit judges of the state to specially call attention of the grand jury of their respective districts to this provision."

It may be that a person violating the anti-trust law is liable to punishment by criminal prosecution, as to which we express no opinion; but he certainly is not by reason of anything contained in section 5004, which imposes simply a civil liability. The language, "to be recovered by an action in the name of the state, at the relation of the attorney-general or district attorney," can be appropriately used only with reference to a civil case.. Civil suits brought by the attorney-general or district attorney in their official capacity for the benefit of other parties are always brought in the name of such parties on the relation of the attorney-general or district attorney, as the case may be. Criminal prosecutions, under section 27 of the Constitution, and the laws enacted pursuant thereto, must be commenced, if in the circuit court, by indictment, and, if in the court of a justice of the peace, by an affidavit. In neither of these instances is the action thereby begun a proceeding "at the relation of the attorney-general or district attorney."

Prior to the adoption of the Code of 1906, there was no civil liability of the character now under discussion imposed for violations of the anti-trust law; such violations being punished by fine and imprisonment. When the Code of 1906 was adopted, the fine and imprisonment features of the statute were omitted, and the present civil liability substituted therefor. Section 5004 of the Code seems to have been adopted as a substitute for the latter part of Sec. 4, Ch. 88, of the Laws of 1900, which provided for a criminal prosecution, and directed the circuit judges to charge the grand juries relative thereto. Why this provision was brought forward in section 5004 is not clear, for the grand jury has nothing

to do with the collection of the penalty thereunder imposed. This may have occurred by an oversight, or out of a desire to retain as much of the phraseology of the old law as possible, and without due consideration of the effect thereof. But, be that as it may, this direction to the circuit judges cannot have the effect of converting into a criminal what was clearly intended to be a civil liability.

The bill is not multifarious. The only relief sought by it is the infliction of a penalty prescribed by section 5004 of the Code. In order that this may be done, the trust and combine alleged to have been entered into by appellants must be declared to be unlawful.

Section 4738 of the Code provides that the revenue agent "shall have power and it shall be his duty to proceed by suit in the proper court against all officers, county contractors, persons, corporations, companies, and associations of persons for all past-due and unpaid taxes of any kind whatever, for all penalties or forfeitures for all past-due obligations and indebtedness of any character whatever owing to the state or any county, municipality or levee board, and for damages growing out of the violation of any contract with the state or any county, municipality, or levee board, and shall have a right of action and may sue at law or in equity in all such cases where the state or any county, municipality or levee board has the right of action or may sue."

It is contended by counsel for appellants that under this section the revenue agent is not empowered to sue for all penalties and forfeitures owing to the state, but only for penalties and forfeitures for all past-due obligations, etc., owing to the state. This argument is based upon the absence of a comma between the words "or forfeitures" and the words "for all past-due" in the fifth line of the section. They seem to concede that, were this comma not absent, the revenue agent would have power to sue for all penalties and forfeitures. While punctuation is a valuable aid in the construction and in-

terpretation of a statute, it cannot control the plain meaning thereof, and the courts will disregard the same and repunctuate the statute, if necessary, to give effect to what appears to be the plain meaning thereof. If the contention of appellants is correct, the revenue agent would have no power to sue for penalties or forfeitures owing the state, except such as were incident to past-due obligations to the state; neither would he have any power to sue for past-due obligations, being limited to a suit for the recovery of the penalties and forfeitures incident thereto. It is manifest that. the true intention of the statute is to confer upon the revenue agent the power to sue for all penalties and forfeitures of every character owing the state, and for all past-due obligations and indebtedness of any character whatever owing to the state, and, consequently, the court, carrying out this plain intent, will insert the comma in the place hereinbefore indicated.

Counsel for appellants also contend that since section 5004, which imposes the penalty sued for, provides that it shall be recovered by an action in the name of the state at the relation of the attorney-general or district attorney, that the grant of power to sue to these officials excludes any power to sue therefor in any other officials, and that, consequently, the revenue agent is without authority to bring this suit. This section, however, and section 4738, are parts of the same Code, were adopted at the same time, and must be construed together, and, so construed, the authority granted to the attorney-general and district attorney by section 5004 is not exclusive. To so hold would practically strip the revenue agent of all power, for in very few, if any, cases is he given the sole authority to collect or sue for money owing the state; such authority being generally also vested in other officials.

The decree of the court below, therefore, is affirmed, and the cause remanded for further proceedings.

*Affirmed and remanded.*