## MIDDLETON *v.* HOWELL.

[90 South. 725. No. 22263.]

1. BOUNDARIES. *Circumstances stated called for equity to assume jurisdiction of boundary dispute between parties claiming through common grantor.*

   Courts of equity have jurisdiction to settle or establish boundaries, where parties claiming through a common grantor claim under separate grants with warranty of title, each of which refer to a stream as a boundary of part of their conveyance, and where there is a *bonafide* dispute as to which stream is referred to; there being two streams, one of which is claimed by the common grantor and one of the grantees to be the stream, while the other grantee claims a different stream, and where separate suits might result in confusion as to which was the stream referred to, and might cause numerous suits between the parties.

2. COVENANTS. *Equity may relieve grantee in case of breach of warranty, where there has been no actual ouster.*

   Equity has jurisdiction to grant relief to a grantee in a warranty, even though there has been no actual ouster, where the grantee must yield to a superior title; and may in such suit determine whether the prior conveyance is a superior title.

3. EQUITY. *Has jurisdiction of causes to save a multiplicity of suits, where parties' interests have common origin or are properly connected, though it may require separable judgments.*

   Equity has jurisdiction of causes to save a multiplicity of suits, and where the interests of all parties have a common origin, or flow from the same center, or radiate from the same center, or have a common connecting link, then equity may retain jurisdiction, even though it may require adjudicating separate rights of action and rendering separable judgments. *Roberts* v. *Burwell,* 117 Miss. 451, 78 So. 357, cited.

APPEAL from chancery court of Franklin county.

HON. R. W. CUTRER, Chancellor.

Suit by George W. Howell against W. F. Middleton and others. Judgment for plaintiff, and the named defendant appeals. Affirmed and remanded.

*Theo. McKnight,* for appellant.

There is no equity on the face of the bill, and it states no facts justifying the interposition of a court of equity But shows that appellee's remedy is full, complete and exclusively at law. (Causes 1, 2, & 3.)

To justify his request for the interposition of equity the appellee offers the following: First, that equity is necessary in order to decide which of two branches is "Rocky branch," so that he may know the proper dividing line between himself and the Homochitto Lumber Company and, by first having the court find this dividing line for him, enable him to ascertain whether he has a claim for breach of warranty against appellant, and if so, the extent thereof. Second, that the Homochitto Lumber Company is claiming more than it is entitled to claim under its deed from Barney & Stephenson, and, by writing him a letter, has deterred him from cutting timber, and that this claim of the Homochitto Lumber Company casts a doubt, cloud and suspicion upon appellee's title to the land, and has damaged him by preventing him from cutting timber, and he wants equity to interpose and cancel this cloud and ascertain the damages suffered by him through the assertion thereof by the Homochitto Lumber Company. Third, to save a multiplicity of suits.

Seeking the interposition of equity to fix the boundary between himself and the Homochitto Lumber Company, appellee enters the domain of equity whereby from early times it has exercised a jurisdiction to issue a commission for the purpose of fixing and ascertaining boundaries where the same have become confused and uncertain. 4 A. & E. E. L. (2 Ed.), p. 839. We have no statutory provision for the establishment of boundaries, in the chancery court, where they have become confused and uncertain, or changing the ancient rule above mentioned, nor have we been able to find any case in our own state where this rule has ever been invoked. If this rule is the law in Miss-

issippi, then appellee must bring himself within it in or-
der to get its benefits. "A mere case of confusion of
boundaries, however, is not sufficient to give a court of
equity jurisdiction, but there must be in addition thereto
some equity superinduced by the act of the parties, and
attaching itself to the controversy." Id. "A bill to deter-
mine which of two well marked lines is the real boundary
between the lands of two adjoining owners will not be
considered in a court of equity." *Ashurst* v. *McKenzie,* 92
Ala. "Equity will not interfere in a question of boundary
where an adequate remedy may be had at law, unless the
legal question is involved with one of purely equitable
jurisdiction." *Rogers* v. *Rogers,* 17 R. I. 623.

The bill in this case shows no confusion of boundaries,
but simply seeks a decree of the court as to which of two
branches is Rocky branch," which of two well marked lines
is the real boundary." This is condemned by the above
authority. Again, there is an adequate remedy at law by
ejectment. 4 a. & E. E. (2 Ed.) p. 838, and the legal ques-
tion of boundary is not involved with any question of
purely equitable jurisdiction because, as I respectfully
submit there is no question in this case, as to boundaries,
except the pure question of fact as to which of two streams
is Rocky branch, and that there is no equity superinduced
by the act of the parties, and attaching itself to the con-
troversy. 4 A. & E. E., p. 839, in equity.

The bill further fails to show equity upon its face in
that it does not show that any part of the land, or timber,
the boundaries of which are alleged to be confused, is in
the possession of the appellant. 4 A. & E. E., p. 842, note 1,
and cases cited. Nor does appellee show what part he
claims. Id.

The bill is a fishing bill (6th cause.) Appellee shows no
cause of action, but endeavors to have appellant, or rather
the court, disclose or discover one in his favor.

Appellee is not fishing *in* Rocky branch, but is fishing
*for* Rocky branch, but says that appellant says that one
branch is Rocky branch, and that the Homochitto Lumber

Co. says that another and different branch is Rocky branch, so without saying himself, he wants the court to say which is Rocky branch, then he will know how much, if any, timber he is entitled to sue for, but until the identity of Rocky branch is established by the court, he is unable to say to what he is entitled.   13 A. & E. E., p. 590 & note 7.

Out of the allegations of the bill a multiplicity of suits could not arise (7th & 14th causes).   The bill alleges that the claims of the Homochitto Lumber Company casts a cloud upon appellee's title, which he seems to wish canceled, though he does not so state in his prayer.   With this claim of the Homochitto Lumber Company the appellant has no connection and it is not apparent how a multiplicity of suits could arise out of this independent claim of the Homochitto Lumber Company.

It is also apparent from the allegations of the bill, that appellee's remedy, if any he has, against appellant, is for breach of warranty, and it is not made apparent by the bill how a multiplicity of suits could arise out of this alleged remedy against appellant, since the Homochitto Lumber Company is not connected with appellant's alleged breach of warranty to appellee.

The multiplicity of suits, to prevent which the bill is said to be filed, has reference to a multiplicity of suits in regard to the confused boundary sought to be reestablished by having the court decree upon the pure question of fact as to which of two branches is Rocky branch, yet the appellee alleges that he is entitled to a decree against appellant regardless of the location of Rocky branch, and thus fails to bring himself within the rule that, "where one general right is claimed against a number of defendants, all the interests of the latter must be of such a nature that the right of all is tried by trying the right of one." 4 A. & E. E., p. 841, note 2.   On the contrary, the bill seeks to recover against appellant for a breach of warranty because of the claim of the defendant, Homochitto Lumber Company which claims is alleged to be only a cloud, doubt or suspicion of title, and therefore, not a

paramount legal title as is necessary to breach of warranty.

What and how many could properly arise out of the facts set up by the bill, and are prevented by this suit without violating the rule as to multiplicity?

Without himself saying which is Rocky branch, appellee sets up a ground for the interposition of equity the settlement of a question of fact as to which is the "real Rocky branch," and in doing this discloses the fact that his only remedy is ejectment against the Homochitto Lumber Company for the settlement of this question.

As already said, the failure of the appellee to allege which of the two alleged branches is the real Rocky branch, evinces the fishing character of the bill. His failure to tell the court which is the real Rocky branch, and his allegation of a dispute between the defendants as to which is the real Rocky branch, followed by the plea that the interposition of equity is necessary to determine which is the real Rocky branch, puts appellee in the attitude of interpleading the defendants to his bill upon his own allegation as to what they severally claim is Rocky branch (failing all the while to distinguish, in any way, one of the alleged branches from the other as to what they severally claim is Rocky branch. Where the plaintiff does not show by evidence what part he claims, a bill will not lie to settle the boundary of a manor in part. *Webb* v. *Banks,* 2 Equity Cases Ab. 164; 5 A. & E. E., p. 842. It is perfectly apparent from the bill that appellee's remedy for the settlement of the question of which is Rocky branch, and consequently the boundary of his land, is ejectment against the Homochitto Lumber Company. The appellant has no connection with this question, because it is not shown, in any way whatever, that appellant is in possession of any land, or timber to which appellee has a title. 4 A. & E. E., p. 842, and cases cited at note one, par. 2, and *Ashurst* v. *McKenzie,* 92 Ala. 484, and *Rogers* v. *Rogers,* 17 R. I. 623, above cited. Nor does appellee cause the confusion of his boundaries.

In order to avail of the remedies of *assumpsit* or of bill in chancery in breaches of warranty it is absolutely necessary to show that money has been expended to discharge lands from incumbrance or to get in a title to avoid eviction. (11th, 12th, 13th, and 15th causes).

In Mississippi there are three remedies for breach of warranty: First, the technical action on the covenant of general warranty; second, *assumpsit;* and third, suit in equity. The bill in this case does not show the appellee to be entitled to either of these three remedies, as pointed out by the grounds of the demurrer now under discussion.

There is not in the bill the least intimation or even insinuation, that appellee has ever paid out one cent in the extinguishment of incumbrances or in getting in an outstanding title to avoid eviction. The necessity for the payment of money for the discharge of the land from incumbrance or to get in title to avoid eviction, seems not to have appeared to opposing counsel in the preparation of this case, and was entirely disregarded by the learned court below when appellant's demurrer was overruled.

The basis of the right to the remedies of *assumpsit,* and of suit in equity in breach of warranty cases, and that which relieves the necessity of bringing suit on the covenant of general warranty, with the technical requirements incident and necessary to its successful maintenance, is the fact that money has been expended to discharge incumbrance or to get in title to avoid eviction. The expenditure of money is the *sine qui non*. *Kirkpatrick* v. *Miller,* 50 Miss. 521; *Dyer* v. *Britton,* 53 Miss. 270; *Green* v. *Irvin,* 54 Miss. 450; *Coopwood* v. *McCandless,* 99 Miss. 364.

It is most respectfully submitted that the learned chancellor who sat in the court below erred in overruling appellant's demurrer, and that the decree of the court below ought to be reversed and appellant's demurrer sustained and appellee's bill dismissed.

*Engle & Laub,* for appellee.

The case would be cognizable in a court of equity if for no other reason than to prevent a multiplicity of suits, as the complainant has a suit against both defendants, the Middletons and the Homochitto Lumber Company, arising out of matters connected with the same proposition.

To the bill of complaint which was filed in Franklin county, Mississippi, the. Middletons demurred, but the defendant, Homochitto Lumber Company did not demur, desiring evidently that the rights of the parties be adjudicated upon the facts involved, and that the claims of all parties be adjudged and set at rest.

The chancellor overruled the demurrer of the Middletons, the appellants here and they have raised a great number of grounds in their demurrer why the bill of complaint should be dismissed. There are any number of reasons why a court of equity has jurisdiction in this case, first and foremost, by coming into a court of equity, a multiplicity of suits is done away with and both the Homochitto Lumber Company and the appellants here are joined in one suit and the various and sundry items of damage which, under the peculiar set of facts connected with this case brings about, can be adjudicated in one suit; secondly, as this suit will hinge largely upon a matter of boundaries and upon the determining by the court as to which of the two streams in a neighborhood of Rocky branch then under the power of chancery courts or court will go into a matter of boundaries which is peculiarly within the province of chancery courts.

There was a time limit which appellee had for the removal of timber from the lands in dispute and on account of the shortness of this time, and on account of the fact that appellee was prevented from cutting the timber before this time limit expired, one of two things should be done by court, either a money damage should be paid to the appellee on account of the breach of warranty by the appellant here, or a further time limit should be grant-

ed appellee by the appellant who owns the land on which the timber rests, which time limit should be extended a reasonable length so that appellee might yet remove the timber in question if same is found to be the property of appellee.

The fact that the Homochitto Lumber Company asserts title to the timber in question is through the fault of the appellant here who has evidently made two sales to different parties of the same property. It has been decided in the case of *Burrus* v. *Wilkinson*, 31 Miss. 537, *Witty* v. *Hightower*, 12 S. & M. 481, and *Dennis* v. *Heath*, 11 S. & M. 218, that in order to recover upon a covenant there must be an eviction or there must, at the time of sale, have been an adverse possession under paramount title holding the vendee out.

The case of *Albert Coopwood, executor*, v. *Emma Mc-Candless*, 99 Miss. 364, 54 So. 1007, upholds the jurisdiction of the chancery court in cases similar to the one at bar at this time. The instant case presented to the chancery court of Franklin county, a case very similar to the Coopwood case in principal except that there were a number of other reasons in the Howell case here on appeal, why the chancery court should take jurisdiction of the matter and determine the rights of the several parties to that suit.

It will be noted in the *Coopwood case, supra,* that: "While in order to sustain the technical action of covenant for a breach of general warranty there must be either an actual eviction by indirect process or a surrender of possession to a valid, subsisting and paramount legal title, asserted against the covenantee or that there must be a holding of the grantee out of possession by such title so that he could not enter; yet there are two other remedies that the covenantee may invoke without waiting for eviction or surrender of the premises.

These other two actions are *assumpsit* or suit in chancery. So it is seen that in the Coopwood case the Mississippi supreme court recognizes the rights of the com-

plainant to go into chancery as one method of remedy on a breach of general warranty, or the technical action of covenant, and in the case at bar the complainant is only carrying out those rights of suit in equity which were again reaffirmed and reasserted in the Coopwood case. The demurrer admits all of the facts set up in the bill of complaint, and under *Dyer* v. *Britton,* 53 Miss. 270, and under the *Coopwood case, supra,* the jurisdiction of a court of equity in the instant case is fully recognized.

Something was said by the appellant to the effect that the appellee had come into court with unclean hands in that he claimed four thousand five hundred dollars as damages done him. The appellant, if he would read the bill of complaint correctly, would see that the two thousand dollars asked as damages, and the two thousand five hundred dollars asked as damages are in the alternative, and both amounts would not be recovered.

As to what amount of damages the appellee might be entitled to, that is a matter for the chancellor to pass upon after hearing all of the facts in the case and ascertaining what proportion of the timber purchased, stood upon the land in dispute and also after determining whether the complainant should be entitled to any damage caused him through breach of title after the complainant had erected a saw mill. The amount of damages can in nowise in this case affect the question of jurisdiction of the chancery court.

For the above reasons set forth the appellant respectfully submits that the learned chancellor was correct in keeping jurisdiction of the case before him, and we respectfully ask that this court uphold the decree of the lower court.

Ethridge, J., delivered the opinion of the court.

The appellee was the complainant in the court below, and filed a bill against W. F. Middleton, Mary Jane Middleton, and the Homochitto Lumber Company, alleging

that on the 22d day of August, 1919, the Middletons, being husband and wife, conveyed by warranty deed to the complainant all timber situated in Franklin county, Miss., more particularly described in an exhibit to the bill. This deed conveyed certain sections and parts of sections to the complainant, and also forty acres of land in section 6, township 5, range 2, lying east of Rocky branch; said line crossing Rocky branch on the north side near the Josh bridge, and crossing Rocky branch on the south side at the dividing corner of the two forties, bounded as follows: On the east by land now or formerly of H. A. Middleton and B. B. Bobbet, south by lands of W. F. Middleton, north by lands of H. A. Middleton, and west by Rocky branch. That the defendant Middleton had previously conveyed under date of April 23, 1904, part of the land described in the said deed to G. H. Barney and J. E. Stevenson by deed, a copy of which also is made an exhibit to the bill, and which deed conveys a portion of certain subdivisions or sections conveyed to the complainant as lying west of Rocky branch. That this title to Barney and Stevenson has been conveyed by *mesne* conveyances to the Homochitto Lumber Company, and that said lumber company, through its attorneys, addressed to Howell Lumber Company, under which name complainant was doing business, a letter notifying him that it was the owner of certain lands embraced in complainant's deed from Middleton, and notified him not to cut the timber growing thereon, and if he did so he would be held liable for all damages for so doing, and that said company would replevy the lumber or logs cut by the complainant from this land. The letter then states:

"We are advised that you claim that the branch shown on the plat herewith inclosed is not Rocky branch. We call your attention to the fact that the deed from Middleton to you refers to this branch as Rocky branch, and locates it as fixed on the plat herewith inclosed"—and notifies him of its deed, where recorded, etc. The plat exhibited in the record with this letter shows two streams, "A" and "B,"

with land situated between the two streams, which land
is claimed by both parties; one contending that stream
"A" is Rocky branch, the other that stream "B" is Rocky
branch. Complainant then alleges: That there is doubt
and confusion as to the exact location of Rocky branch,
where it passes through said land, and that the Homochitto
Lumber Company claims that a certain stream is Rocky
branch, and that the dividing line between its property
and that portion of the property conveyed to the complain-
ant to which he got a good title is Rocky branch; while
the Middletons contend that a certain other creek or branch
running through sections 6 and 7 is the Rocky branch
referred to in Exhibit B, the exhibit being the deed through
which the Homochitto Lumber Company claims title. That
while, on the face of the record, the warranty in com-
plainant's deed has been breached as to all of the lands
lying west of Rocky branch in the southwest quarter of
southeast quarter of section 6, and northwest quarter of
northeast quarter of section 7, township 5, range 2, the
extent of acreage lying west of Rocky branch is uncertain
and indefinite, because the location of said branch is in
dispute; the Homochitto Lumber Company claiming as
the boundary one stream, while the Middletons, the com-
mon grantors in said deed, claim a certain other branch or
stream as the boundary. That the intervention of a court
of equity is necessary to determine the exact location of
the branch as respects the land in controversy, and the
exact extent of the breach of the warranty on the part of
the said Middletons, and the proper dividing line be-
tween the land of the Homochitto Lumber Company and
that of complainant. That said lumber company claims
more land in the southwest quarter of southeast quarter
of section 6 and northwest quarter of northeast quarter
of section 7 than it is entitled to under its deed, and that
this claim casts a doubt, cloud, and suspicion on the title
of complainant. That the source of the lumber company's
title and complainant's title is that of the said defendants,
the Middletons, but that it will be necessary for a court of

equity to locate and fix what is Rocky branch in said sections and fix the rights of the parties to the litigation, and that such rights shall be fixed in one suit. That if said Rocky branch is located as claimed by the Homochitto Lumber Company then the Middletons are liable on their warranty to complainant for the value of the timber which lies west of Rocky branch and for the value of the ten acres in the northwest quarter of northeast quarter of section 7 which lies west of Rocky branch which said timber is valued at two thousand five hundred dollars. That if Rocky branch is not located as claimed by the Homochitto Lumber Company, but is located as claimed by the Middletons, then said Middletons are liable for breach of their warranty for a portion of the southwest quarter of southeast quarter of section 6 and a portion of the northwest quarter of northeast quarter of section 7, township 5, range 2. The exact acreage is unknown to the complainant, but is believed to be at least thirty acres, and the timber is of the value of at least one thousand seven hundred dollars. That regardless of the location of said Rocky branch- the defendants, the Middletons, are liable for a breach of warranty under their deed in the amount above set forth. That the Homochitto Lumber Company, by reason of its claim and its threats, have deterred and prevented complainant from cutting the timber on any portion of the southwest quarter of southeast quarter of section 6, and on ten acres of the northwest quarter of northeast quarter of section 7, and if said branch is not located as claimed by Homochitto Lumber Company, then the Homochitto Lumber Company has by false and unjust claims and by threats damaged the complainant. That the claim of the Homochitto Lumber Company cast a cloud upon complainant's title as to said subdivisions, and that he is entitled to remove this cloud and ascertain damages suffered by him through said demands, claims, and actions, and, as said questions are cognate, is entitled to save a multiplicity of suits and have them all settled in this case. That complainant, rely-

ing upon his deed, erected a sawmill at considerable expense near the land in dispute, for the purpose of cutting timber on the same, and that, being prevented from cutting said timber by the Homochitto Lumber Company, the time in which he had to cut said timber has expired, and he has been damaged by said company to the extent of the expense incurred in erecting a mill, at. least to the extent of one thousand dollars, and also the value of that part. of the land which said lumber company claims, of the value of one thousand dollars.. He prays for ascertainment of said Rocky branch and the exact acreage for which said Middletons are liable for breach of the warranty, and that the court ascertain the exact acreage unjustly claimed by the lumber company under its deed from the Middletons, and for a judgment against the Middletons for two thousand five hundred dollars, and prays for general relief.

The bill was demurred to on numerous grounds, principally that the bill contained no equity; that complainant's remedy was at law; that the bill is multifarious, and is a fishing bill. The court overruled the demurrer, and granted an appeal to settle the principles of the case.

Inasmuch as the complainant had a deed to all of that portion of the lands claimed by the Homochitto Lumber Company lying in north half of northeast quarter, section 7, township 5, range 2, and inasmuch as all parties are interested in determining the location of that part of the boundary known as Rocky branch in the deed through which the Homochitto Lumber Company claims; and as it clearly appears that to leave the. parties to actions at law would create numerous suits, and inasmuch as the Homochitto Lumber Company and complainant claim from a common source of title, having common warrantors of their respective titles, we think the judgment of the chancellor in retaining jurisdiction was correct. While the ascertainment of boundaries alone does not confer jurisdiction as a separate ground of equity, still, owing to uncertainty and. confusion as to the boundary, out of which

grow questions in which all of the parties are mutually interested, we think equity has jurisdiction in this case on that ground. We also think that the jurisdiction of equity is clear to afford relief to complainant for breach of his warranty, and as the settlement will depend very largely upon the location of the boundary, and as the Homochitto Lumber Company will be materially affected by such location, and its attitude in preventing complainant from proceeding to cut the timber, by a threat of a multiplicity of suits against him in case he should do so, we think there are not such separate and independent causes of action as would prevent equity from entertaining jurisdiction and settle all the questions in one suit.

We think *Roberts* v. *Burwell,* 117 Miss. 451, 78 So. 357, illustrates the correctness of our decision here. In that case the widow had a separate right of action against each of the heirs for certain cotton required to be delivered to her annually under a common conveyance of title. In the fifth syllabus of that case the rule is stated as follows:

"While the failure of each of the devisees to deliver to the widow the cotton, which he or she was obligated by the will to do, constitutes a separate cause of action, nevertheless they may be joined in equity in one suit, for the reason that, where the interest and liability of the defendants, though separate, flow from the same fountain, or radiate from the same center, or have a common connecting link, the joinder of such defendants and matters in the same suit is admissible."

See, also, *Robertson* v. *Monroe County,* 118 Miss. 541, 79 So. 187; *Cumberland Tel. & Tel. Co.* v. *Williamson,* 101 Miss. 1, 57 So. 559; *Tribette* v. *Railroad,* 70 Miss. 182, 12 So. 32, 19 L. R. A. 660, 35 Am. St. Rep. 642; *Illinois Central Railroad Co.* v. *Garrison,* 81 Miss. 257, 32 So. 966, 95 Am. St. Rep. 469; *Crawford* v. *M., J. & K. C. R. R. Co.,* 83 Miss. 708, 36 So. 82, 102 Am. St. Rep. 476.

If complainant should proceed against the lumber company, and should establish the boundary as contended for by the complainant, he could recover from the lumber com-

pany his losses occasioned by the prohibition of the lumber company under the threat of recovery by replevin on each lot of timber cut by him; and if that company, after such suit, could establish that the Rocky branch called for in that deed, as understood between it and the grantors, the Middletons, called for the stream which it claims was agreed and understood at that time to be Rocky branch, it could recover damages from the grantors for breach of warranty. *Coopwood* v. *McCandless,* 99 Miss. 364, 54 So. 1007; *Kirkpatrick* v. *Miller,* 50 Miss. 521; *Dyer* v. *Britton,* 53 Miss. 270. If the parties are left to separate actions, it is evident that it would result in several lawsuits to settle rights in which all have a common interest, they having a common source of title from common grantors, and each having rights affected by the matter in dispute, and it would certainly be in furtherance of justice to have all disputes growing out of the uncertainty of the boundary settled at one time, and equity is better adapted to secure justice in cases like this, and we fail to see where any decision of this state would be violated in permitting it to entertain a controversy.

The judgment will be affirmed, and the cause remanded, to be proceeded with.

*Affirmed and remanded.*