WROTEN *v.* FENN.

(In Banc. May 24, 1948.)

[35 So. (2d) 534. No. 36781.]

Gordon & Gordon, of Liberty, and Joe Upton, of Gloster, for appellant.

**F. D. Hewitt,** of McComb, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee filed his declaration at law against appellant to recover damages for the cutting and conversion of certain pine trees on the land of appellee. The pleadings disclose that the principal issue turns upon a disputed boundary of adjoining lands owned by the parties. The parties entered into an agreement that a survey be made by a surveyor named in the agreement and that they would abide by the survey. The surveyor named was unable to serve. At a succeeding term of the court appellant moved that the cause be transferred to the chancery court. This motion was overruled. Subsequently the parties agreed upon another surveyor, who made the survey and filed his report thereof in court. Appellant objected to the correctness of the survey and again moved for a transfer to the chancery court, which motion was overruled. A surveyor other than the one last mentioned was introduced by appellant whose testimony apparently was to the effect that the survey as made, and reported into court with plats thereof, was incorrect. This survey conceded that the surveyor who made the survey and the plats thereof was a competent person.

The court was of the opinion that the questioned survey was correct, or at least had not been shown to be incorrect, and there was a jury and verdict for appellee and judgment accordingly. The amount of the judgment is not challenged, the error assigned in that respect being that there should have been no judgment for appellee in any amount.

We have carefully examined the report of the surveyor and the several plats or drawings made by him explanatory of his report, and it bears every evidence of having been made with great care and with an entirely competent understanding of the task performed, and we observe that the criticisms of it by the other surveyor all turn upon or get back to the fact that the survey as made does not precisely coincide with the calls of the field notes as

respects distances to the Amite River, and also slightly. as respects the calls upon a small creek or branch. The survey as made does correspond however with old section corners as described in the field notes. In such a situation we must remember that the original government surveys in that district and the field notes thereof were made more than one hundred years ago, and that it is a matter of common knowledge that rivers and streams in this territory change their courses in many places by distances more or less, from a few feet to many feet, this being true even as to so large a stream as the Mississippi River. The fact that a survey now made does not precisely check with the location of a stream as shown on the field notes a hundred years old is not enough to discredit the present survey.

The court was not in error in refusing to transfer to the chancery court. The ascertainment of boundaries alone does not confer jurisdiction as a separate ground of equity, Middleton v. Howell, 127 Miss. 880, 892, 90 So. 725, and there are no special circumstances here present which would require equitable interference. And if the appointment of a surveyor by the court would enter into the question, it has no place in this case for the reason that here the appointment was made by agreement of the parties.

It is true that frequently causes are heard in our chancery courts when the principal question and sometimes the only question is one of disputed boundaries, but this is because neither of the parties raises the question, and it is not one which by its nature the court of its own motion must raise, and not being raised Section 147, Const. 1890, applies. It is not a question which the court must raise, for it is not a subject so foreign to equity jurisdiction as to require it. ''Where the boundaries between two adjacent parcels of land, even when held by their respective owners under purely legal titles, have become confused or obscure, equity has from an early period exercised a jurisdiction to settle them.

. . . : The mere fact, however, that certain boundaries are in controversey is not of itself sufficient to authorize the interference of equity . . ." 4 Pomeroy Eq. Jur. (4th Ed.) Sec. 1348. And see 8 Am. Jur. "Boundaries", Sec. 86.

Affirmed.